**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JESSICA AMOS,**

      **Plaintiff,**

**vs.**                                                              **CASE NO.:**

**CRAB SHACK ACQUISITION FL,**
**LLC d/b/a JOE'S CRAB SHACK, a**
**Florida Limited Liability Comapany,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA AMOS ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, CRAB SHACK ACQUISITION FL, LLC d/b/a JOE'S CRAB SHACK, ("Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq*. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq*. ("Title VII"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1.     Defendant, CRAB SHACK ACQUISITION FL, LLC d/b/a JOE'S CRAB SHACK is a Florida Limited Liability Company.  At all material times hereto, Defendant maintained an office in Duval County, Florida.

2.     Plaintiff is an adult individual who resides in Duval County, Florida.

3.     Plaintiff was an employee as defined by the laws under which this action is brought.

4.     At all times material hereto, Defendant was an employer as defined by the laws under which this action is brought as Defendant employs greater than fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the FCRA.

## JURISDICTION AND VENUE

5.     This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

6.     This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367.

7.     Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

8.     The illegal conduct complained of, and the resulting injury occurred within the judicial district in and for the Middle District of Florida.

## TITLE VII / FCRA STATUTORY PREREQUISITES

2

9.      Plaintiff is a female who was subjected to a hostile work environment based on her gender.  As such she is a member of a class of individuals protected by Title VII and the FCRA.

10.     Plaintiff was qualified for her position of employment.

11.     Plaintiff made a complaint of sexual harassment and assault.

12.     After making a sexual harassment complaint, Defendant took no actions to protect Plaintiff within the workplace.

13.     Plaintiff suffered an adverse action when she was forced to quit to protect her physical safety.  Her resignation constitutes her constructive discharge.

14.     Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

15.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

16.     Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 28, 2023, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct.  Plaintiff was issued a right-to-sue letter by the EEOC on July 25, 2024.  Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

17.     Accordingly, Plaintiff has completed all other Title VII and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

18. Plaintiff was hired on February 1, 2023, and worked for Defendant as a Server until her constructive discharge on March 3, 2023.

19. On February 27, 2023, Plaintiff was walking to the patio section outside of the restaurant to begin her break.

20. As Plaintiff was walking up the stairs towards the patio, a co-worker, Niam Gurbaz, approached her and attempted to hug her.

21. Plaintiff knew Mr. Gurbaz as a coworker, but did not know him personally, so she stepped back and tried to move out of his way. However, when Plaintiff moved, Mr. Gurbaz maneuvered his hand across Plaintiff's chest and grabbed her breasts.

22. Plaintiff immediately contacted her direct manager, Tina Worley, and made a complaint about the incident.

23. Ms. Worley escorted Plaintiff to the General Manager, Michael Graham, and Regional Manager, Rich Little, to explain the incident with Mr. Gurbaz.

24. Plaintiff explained the incident in detail to Mr. Graham and Mr. Little, with the help of Ms. Worley, of the inappropriate action caused by Mr. Gurbaz.

25. Mr. Graham informed Plaintiff that Mr. Gurbaz was about to be terminated and that Human Resources ("HR") would be in contact with Plaintiff regarding her incident with him.

26.     On March 1, 2023, Plaintiff received a phone call from an HR representative who asked her to again explain the incident with Mr. Gurbaz. Plaintiff complied with the request.

27.     Plaintiff also informed the HR representative that she had been a victim of sexual harassment and assault in the past and that the incident with Mr. Gurbaz was very traumatizing to her.

28.     The HR representative did not take Plaintiff's claims seriously, questioning Plaintiff's facts regarding the incident and correcting Plaintiff by inserting "allegedly" after each incident that Plaintiff described.

29.     Nothing was done by Defendant to prevent future occurrences of assault, including ensuring that Plaintiff and Mr. Gurbaz were not scheduled together.

30.     Plaintiff learned that Mr. Gurbaz had previously harassed other employees, including smacking one female employee on her butt.

31.     Because Plaintiff's safety was at issue, she was unable to return to work.

## COUNT I
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FCRA

32.     Plaintiff re-alleges and adopts paragraphs 1 – 31 as though set forth fully herein.

33.     Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

34. Based on the described conduct above, Plaintiff was subjected to a hostile work environment in violation of the FCRA, when she had to endure harassing and inappropriate behavior, including sexual assault, from her co-worker, Mr. Gurbaz.

35. The above-described conduct was not welcomed by Plaintiff.

36. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

37. Defendant knew or should have known of the hostile work environment.

38. The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits and/or lost earning capacity;

      d.    Compensatory damages;

      e.    Punitive damages;

f.      Injunctive relief;

g.      Prejudgment interest;

h.      Costs and attorney's fees; and

i.      Such other relief as the Court may deem just and proper.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII

39.     Plaintiff re-alleges and adopts paragraphs 1 – 31 as though set forth fully herein.

40.     Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

41.     Based on the described conduct above, Plaintiff was subjected to a hostile work environment in violation of the FCRA when she had to endure harassing and inappropriate behavior, including sexual assault, from her co-worker, Mr. Gurbaz.

42.     The above-described conduct was not welcomed by Plaintiff.

43.     The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

44.     Defendant knew or should have known of the hostile work environment.

45.     The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the environment described above, Plaintiff has suffered

and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Costs and attorney's fees; and

i.    Such other relief as the Court may deem just and proper.

**COUNT III**
**CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE FCRA**

46.    Plaintiff re-alleges and adopts paragraphs 1 – 31 as though set forth fully herein.

47.    Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

48.    The harassment from Mr. Gurbaz and Defendant caused Plaintiff severe emotional distress.

49.    As a result of Defendant's unlawful conduct, Plaintiff was forced to tender her resignation.  Plaintiff would not have resigned had she not been assaulted.  Plaintiff's resignation was, in essence, forced to resign and, as such, Plaintiff was constructively discharged.

50.    Defendants knew of, allowed, and even created the harassment that Plaintiff was subjected to.

51.    At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

52.    As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

53.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

      g.      Prejudgment interest;

      h.      Costs and attorney's fees; and

      i.      Such other relief as the Court may deem just and proper.

## COUNT IV
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII

54. Plaintiff re-alleges and adopts paragraphs 1 – 31 as though set forth fully herein.

55. Plaintiff is a female who was subjected to a hostile work environment based on her gender and is therefore a member of a protected class.

56. The harassment from Mr. Gurbaz and Defendant caused Plaintiff severe emotional distress.

57. As a result of Defendant's unlawful conduct, Plaintiff was forced to tender her resignation. Plaintiff would not have resigned had she not been sexually assaulted. Plaintiff's resignation was, in essence, a forced resignation and, as such, Plaintiff was constructively discharged.

58. Defendant knew of, allowed, and even created the harassment that Plaintiff was subjected to.

59. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

60. As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

10

61.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Costs and attorney's fees; and

i.    Such other relief as the Court may deem just and proper.

**COUNT V**
**NEGLIGENT RETENTION AGAINST DEFENDANT**

62.    Plaintiff re-alleges and adopts paragraphs 1 – 31 as though set forth fully herein.

63.    Defendant had prior knowledge of Mr. Gurbaz's inappropriate conduct towards female employees of Defendant.

64.    Defendant continued to employ Mr. Gurbaz, even though it was aware, or should have been aware, of Mr. Gurbaz's inappropriate conduct.

11

65.     Defendant had a duty to Plaintiff to ensure a safe workplace, which Defendant breached.  Specifically, Defendant took no steps to investigate prior complaints against Mr. Gurbaz and took no remedial measures to prevent Mr. Gurbaz from taking similar actions in the future.

66.     Defendant knew, or should have known, that continuing to employ Mr. Gurbaz could result in Mr. Gurbaz injuring other employees.

67.     Despite this knowledge, Defendant failed to exercise reasonable care by continuing to employ Mr. Gurbaz, which was the proximate cause of Plaintiff's injuries, including pain, suffering, mental anguish, medical treatment, and loss of enjoyment of life.  Plaintiffs' losses are permanent and continuing, and she will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

> a.     Judgment for all compensatory damages, including pain, suffering, mental anguish, medical treatment and loss of enjoyment of life; and
>
> b.     For such other relief as the Court deems just and appropriate.

## COUNT VI
## NEGLIGENT SUPERVISION AGAINST DEFENDANT

68.     Plaintiff re-alleges and adopts paragraphs 1 – 31 as though set forth fully herein.

69. Defendant had prior knowledge of Mr. Gurbaz's inappropriate conduct towards female employees of Defendant.

70. Defendant continued to employ Mr. Gurbaz, even though it was aware, or should have been aware, of Mr. Gurbaz's inappropriate conduct.

71. Defendant had a duty to Plaintiff to ensure a safe workplace, which Defendant breached. Specifically, Defendant took no steps to investigate prior complaints against Mr. Gurbaz and took no remedial measures to prevent Mr. Gurbaz from taking similar actions in the future.

72. Defendant knew, or should have known, that continuing to employ Mr. Gurbaz could result in Mr. Gurbaz injuring other employees.

73. Despite this knowledge, Defendant failed to exercise reasonable care by continuing to employ Mr. Gurbaz, which was the proximate cause of Plaintiff's injuries, including pain, suffering, mental anguish, medical treatment, and loss of enjoyment of life. Plaintiffs' losses are permanent and continuing, and she will continue to suffer losses in the future.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

        a. Judgment for all compensatory damages, including pain, suffering, mental anguish, medical treatment and loss of enjoyment of life; and,

        b. For such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

PLAINTIFF hereby demands a jury trial for all issues.

DATED this 21st day of October 2024.

**MORGAN & MORGAN, P.A.**

**/S/ JAMES J. HENSON**
James J. Henson, Esq.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email:  jjhenson@forthepeople.com
ssnider@forthepeople.com
*Attorney for Plaintiff*

14